**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BENSON J. FISCHER, *

Plaintiff, *

v. * Civil Action No. 8:25-cv-02286-PX

NAUTICAL BOWLS FRANCHISING, LLC, et al., *

*

Defendants.

***

**MEMORANDUM ORDER**

Pending is Defendants' Nautical Bowls Franchising, LLC ("Nautical Bowls"), Bryant Amundson, and Rachel Amundson (collectively, "Defendants") motion to dismiss the First Amended Complaint. ECF No. 18.[1] While this motion was pending, pro se Plaintiff, Benson Fischer ("Fischer"), moved for leave to file a second amended complaint. ECF No. 21. The motions are ripe, ready for review, and no hearing is necessary. Loc. R. 105.6(a). For the following reasons, the Court grants Defendants' motion to dismiss and denies Fischer's motion for leave to amend as futile.

Turning first to the motion to dismiss, the Court incorporates its previous decision at ECF Nos. 15 & 16. In brief, this case concerns Fischer's dissatisfaction with Defendants' statements made about him and his role as a "consultant" to franchisees who are suing Nautical Bowls. ECF No. 17. Fischer's allegations center on an email that Nautical Bowls CEO, Bryant Amundson, sent to franchisees on March 24, 2025, warning them "to not engage with" Fischer. ECF No. 17 ¶ 18. The email reads:

[1] The Court previously granted Defendants' motion to dismiss the original Complaint, but because Fischer proceeds pro se, also allowed him one opportunity to cure the pleading deficiencies. ECF Nos. 15 & 16.

Hi Franchise Family!

We have been made aware that an individual by the name of Benson Fischer contacted our franchise owner network over the weekend. This is the same individual that has tried this in the past. He has been actively harassing our brand for almost a year now. More information has been revealed over the weekend.

I am writing to inform you to not engage with this individual. Our position remains the same: that our main focus is to support our franchise owners and help them succeed. We want to positively impact the lives of our franchise owners and their families. Benson stated in a letter to our attorney: "*My goal is to force NB out of business.*"

This is unfortunate because we want to focus on supporting our franchise owners and this is now a distraction that needs to be addressed but still steals some of our focus away from our core focus.

I want to make sure you are aware of this man's background so as to further emphasize the point to not engage with him:

There are many lawsuits this man has been involved in. You can look them up here: https://casesearch.courts.state.md.us/casesearch/. Just search by Party: "Benson Fischer". He has been sued many times and has sued others many times. Most notable is a case where a judgment was entered against him for $1M for engaging in bad faith litigation. The court held that he even went as far as to create fake documents. Here's a direct quote from the case:

*"Fischer had "knowingly constructed" a fraudulent lawsuit against the two principal defendants and that he "orchestrated a continuing cover-up of his involvement in these deceitful activities."*

I have attached a document with further detail of this case to this email.

He claims to be a business expert but there seems to be no notable evidence to support this statement. It looks like many of the concepts he started all closed or failed within the first 2-4 years of operation.

In short- do not engage with this individual. We are sending him a cease and desist letter. We will not stand for harassment and for an individual whose goal is to see Nautical Bowls go out of business. We only want to see our franchise owners succeed and thrive! If you receive any emails or any communications please do not engage and please inform me.

ECF No. 17-1 (emphasis in original).

The Amended Complaint avers that the email is "absolutely false and damaging" and defamatory for failing to mention "40 five-star reviews" of Fischer's business. ECF No. 20 ¶¶ 20-

21.[2] The pleading otherwise spends much time discussing Fischer's own business accomplishments. *Id.* ¶¶ 29–40.

Defendants urge that the Amended Complaint fails to state a claim and thus must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a complaint for sufficiency, the Court accepts "the well-pled allegations of the complaint as true" and most favorably to the nonmovant. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). A claim survives dismissal only if averred facts "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). The pleadings of pro se parties should "'be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hammock v. Watts*, 146 F.4th 349, 360 (4th Cir. 2025) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Despite the Court's previous decision, the amended pleading fails to cure the identified deficiencies. Although Fischer spills much ink touting his own business prowess, he offers no facts to make plausible a particular cause of action leveled against any defendant. To the extent Fischer still wants to pursue a defamation claim as he had before, *see* ECF No. 1, the Amended Complaint further fails because Fischer does not identify specific statements as false, defamatory, and damaging, ECF Nos. 15 & 16. Accordingly, the Court dismisses the Amended Complaint for the same reasons discussed in its prior Memorandum Opinion. ECF No. 15.

As for the motion for leave to amend, the proposed second amended complaint is similarly deficient. ECF No. 21. Although amendment of pleadings should be liberally granted "when

[2] The Amended Complaint also avers without sufficient support that statements made by nonparty Dennis Yu are actionable as to Defendants. Nonspecific allegations that Defendants "conspired with Dennis Yu to take underhanded action against" him, ECF No. 17 ¶¶ 23–27, do not make Yu's statements attributable to Defendants.

justice so requires," Fed. R. Civ. P. 15(a)(2); *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 706 (D. Md. 2011), where the proposed pleading fails as a matter of law, amendment may be denied as futile, *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)). Futility is assessed using the same Rule12(b)(6) standard discussed above. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The proposed second amended complaint is predicated on the same facts articulated in the First Amended Complaint, ECF No. 21-2 ¶¶ 38–62, but this time, recites two formal causes of action: defamation (Count I) and tortious interference (Count II), *see id.* ¶¶ 28, 45–54. The Court considers the sufficiency of each count separately.

As discussed in the Court's prior decision, defamation claims must include some facts to make plausible that (1) "the defendant made a defamatory statement to a third person," (2) "the statement was false," (3) "the defendant was legally at fault in making the statement," and (4) "the plaintiff thereby suffered harm." *Offen v. Brenner*, 935 A.2d 719, 723–24 (Md. 2007) (citing *Smith v. Danielczyk*, 928 A.2d 795, 805 (Md. 2007)). "Harm" must be pleaded with some specificity as to the concrete reputational or economic harm that flowed from the alleged defamation. *See Royall v. Dicks*, 270 Md. App. 1, 46 (App. Ct. Md. 2026); *see also Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012) (elements of defamation must be supported by some factual predicate); *Brown v. Ferguson Enters., Inc.*, No. CCB-12-1817, 2012 WL 6185310, at *3 (D. Md. Dec. 11, 2012) (defamation claim dismissed for failing to state the alleged defamatory statement with specificity and failing to plausibly aver harm caused by the defamation).

Fischer seems most focused on the Amundson email to franchisees as the source of the defamation. He takes umbrage at Amundson having called him a bad businessman. Even if the

Court assumes such statements are sufficiently specific and defamatory, no facts make plausible that the email injured Fischer. Rather, the proposed second amended complaint singularly states that "[t]he aforementioned false statements have caused serious injury to the personal reputation of Benson J. Fischer." ECF No. 21-2 ¶ 55. But vague, conclusory allegations of harm are not enough. No facts tie the claimed defamation to any concrete economic or other specific injury, financial or otherwise. Thus, the Court denies leave to amend as futile.

As for the "tortious interference" claim, the proposed pleading focuses on a new email from Nautical Bowls' corporate counsel advising franchisees that Nautical Bowls will not settle cases with any franchisee who is represented by Fischer's counsel, Richard Schimel ("Schimel"). ECF No. 21-2 ¶ 38. The email goes on to say that if the franchisees stay with Schimel, they should "be prepared to litigate" their claims rather than reach a settlement. *Id.* The email further advises that Schimel is working with "Benson Fischer (who is not a lawyer, who has crossed the line and engaged in the unauthorized practice of law and who Mr. Schimel shares his fees with.)." *Id.* ¶ 39. From this, the proposed second amended complaint avers that Defendants have committed "tortious interference with prospective contractual and business relations" by "driving a wedge into the franchisee network, and evading the legal consequences of their franchise operational failures." *Id.* ¶ 61. The proposed pleading avers nonspecific "severe financial harm, loss of business opportunities, operational disruption, and catastrophic damage to his personal and professional commercial reputation in an amount to be determined at trial." *Id.* ¶ 62.

To make plausible a tortious interference with contract claim, some facts must show "(1) the existence of a contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional interference with that contract; (4) hindrance to the performance of the contract; and (5) resulting damages to the plaintiff." *Total Recon Auto Ctr.,*

*LLC v. Allstate Ins. Co.*, 705 F. Supp. 3d 510, 517 (D. Md. 2023). Although the proposed pleading nudges the first three elements into plausibility, ECF No. 21-2 ¶¶ 38–43, no facts make plausible that the email actually hindered Fischer or Schimel's ability to adequately represent and advise the franchisees. No franchisee appears to have abandoned the duo in favor of another defense team. Likewise, nothing in the proposed amended pleading makes plausible that Fischer suffered any real harm as a result. The claim thus fails on this basis alone, and the Court must deny the motion for leave to amend as futile.

Accordingly, for the above-stated reasons, and on this 3rd day of November, 2026, the United States District Court for the District of Maryland, **ORDERS** that:

1. The Motion to Dismiss filed by Defendants Nautical Bowls Franchising, LLC, Bryant Amundson, and Rachel Amundson, at ECF No. 18, is **GRANTED**;
2. The Amended Complaint at ECF No. 17 is **DISMISSED with prejudice**;
3. Plaintiff Benson J. Fischer's Motion for Leave to Amend, at ECF No. 21, is **DENIED**;
4. The Clerk is directed to **TRANSMIT** copies of the foregoing Memorandum Opinion and this Order to Defendants and **MAIL** a copy to Fischer; and
5. **CLOSE** this case.

11/3/2026
Date

/s/
Paula Xinis
United States District Judge